STEPHEN H. DYE (SBN 104385)
  e-mail: sdye@schnader.com
CHARLES F. HARLOW (SBN 200702)
  e-mail: charlow@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, California  94108-2736
Telephone:  (415) 364-6700
Facsimile: (415) 364-6785

Attorneys for Defendants
FORD MOTOR COMPANY and MCCOY &
MILLS dba MCCOY MILLS FORD, and
incorrectly named in the Complaint as McCoy
Mills Ford

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. RICHENS and GARY T. RICHENS,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY; MCCOY MILLS FORD; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b) (Diversity Jurisdiction)**<br><br>Complaint Filed:  February 27, 2019<br>Trial Date:          None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Ford Motor Company ("Ford") and McCoy & Mills dba McCoy Mills Ford ("McCoy Mills"), by their counsel, hereby remove to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based on diversity of citizenship, the claims pending as Case No. 19STCV06716 in the Superior Court of California, County of Los Angeles. Ford has agreed to defend and indemnify McCoy Mills.

1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b)

Plaintiffs assert claims arising under California's Song-Beverly Consumer Warranty Act. (Cal. Civ. Code § 1790 *et seq.*)

In support of this removal, Ford states:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiffs Carol A. Richens and Gary T. Riches ("Plaintiffs") against Ford and McCoy Mills, entitled *Carol A. Richens and Gary T. Richens v. Ford Motor Company, et al.*, Case No. 19STCV06716 ("State Action"). The two named Defendants are Ford and McCoy Mills.

2. Plaintiffs filed the State Action on February 27, 2019, asserting claims against Ford for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) ("Song-Beverly") and fraud by omission. The only claim Plaintiffs lodged against McCoy Mills is for breach of the implied warranty of merchantability, a claim that is barred by the Statute of Limitations.

## II. PROCEDURAL REQUIREMENTS

3. This notice of removal is timely because Ford and McCoy Mills were served with a copy of the complaint on March 1, 2019, and this Notice of Removal is being filed within 30 days of that date. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action that have been served on Ford or are in Ford's possession are contained in **Exhibit A** filed herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles, promptly after filing of same in this Court.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. Consistent with Congress's intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not sua sponte remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that sua sponte dismissals without prior notice or opportunity to be heard are 'hazardous' . . . A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the propriety of this removal, Ford and McCoy Mills request the opportunity to amend this Notice of Removal following any necessary discovery, briefing, and oral argument.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford and McCoy Mills' right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

11. It is well-established that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

12. Ford and McCoy Mills dispute that they are liable to Plaintiffs for any damages whatsoever. But the amount in controversy is met. There is no burden to present supporting evidence at this point. A removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The notice of removal "need not contain evidentiary submissions." *Id*. at 1197. "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14. In this case, Plaintiffs expressly seek damages in an "amount that is not less than $25,001" plus a civil penalty of two times actual damages. (Complaint ¶¶ 10, 13-14, 20, 23, 27, and Prayer.) They also seek attorney fees, prejudgment interest, incidental damages, and other claims for relief. *See* Prayer in Complaint. Claims for attorney fees in these types of cases also often approach or

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

exceed $50,000. Thus, the Complaint on its face seeks recovery of more than $75,000. (Declaration of Charles F. Harlow ("Harlow Decl."), ¶ 5.)

15. The Court may include civil penalties potentially recoverable under Song–Beverly in calculating the amount in controversy. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal 2002); *see also* Cal. Civ. Code § 1794(c) (potential civil penalty up to two times actual damages). The amount in controversy also includes reasonable estimates of attorney's fees. *Brady*, 243 F. Supp. 2d at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.2d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788, 794–95 (9th Cir. 2018) (holding attorney fees are included in amount in controversy in cases remove under Class Action Fairness Act).

16. If Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $75,000 or more if awarded statutory civil penalties. Even before taking punitive damages and attorney's fees into account, the amount in controversy already exceeds $147,000, which includes the purchase price of $49,275.72 plus $98,551.44 as a 2x civil penalty pursuant to Song-Beverly.

17. Plaintiffs also pray for punitive damages. (Complaint at Prayer.) The amount in controversy also includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). When Plaintiffs' claims for restitution of the purchase price plus prejudgment interest, punitive damages, attorney fees, and civil penalties of two times actual damages are considered, the amount in controversy far exceeds $75,000.

**IV. DIVERSITY OF CITIZENSHIP EXISTS**

18. Plaintiffs are, and were at the time of filing of the Complaint, both citizens of California.

19. Ford is, and was at the time Plaintiffs commenced this action, a corporation incorporated in and organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (*See* **Exhibit B**, Excerpt from Ford's 2017 Form 10-K filing; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").)

### A. Defendant McCoy Mills and Fraudulent Joinder

20. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citations omitted). This case involves the second situation. "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Id.* (citation omitted). In other words, removing parties must show "an 'obvious' failure to state a claim" against them. *Id.* at 549.

21. Ford contends that Plaintiffs fraudulently joined McCoy Mills in this case for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court. *See In re Briscoe*, 448 F. 3d 201, 217 (3d Cir. 2006) ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment").

22. The Complaint asserts six Causes of Action. None of them are specifically asserted against McCoy Mills.

23. The First through Fourth and Sixth Causes of Action are expressly asserted against Ford only.

24. Plaintiffs' First Cause of Action is asserted against "Defendant FMC" and claims "Defendant failed and refused to promptly replace the Vehicle or make

restitution" to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2). (Complaint ¶ 13.) The obligation to repurchase a vehicle or make restitution under Civil Code § 1793.2(d) expressly applies only to manufacturers. McCoy Mills is not a manufacturer. Civil Code §1793.1 applies only to manufacturers or retailers who make express warranties. The warranty alleged by Plaintiffs was issued only by Ford, not McCoy Mills.

25. Plaintiffs' Second Cause of Action is asserted against "Defendant FMC" and purports to be based on "Defendant's failure to comply with its obligations pursuant to Civil Code §1793.2(b)." (Complaint ¶ 20.) Civil Code §1793.2(b) requires manufacturers or their representatives in this state to commence repairs within a reasonable time and to complete them within 30 days. Plaintiffs do not allege that they ever presented their vehicle to McCoy Mills for repair, or that McCoy Mills failed to accomplish repairs within 30 days.

26. Plaintiffs' Third Cause of Action is asserted against "Defendant FMC" and is based on "Defendant's failure to comply with its obligations under Civil Code § 1793.2, subdivision (a)(3)." (Complaint ¶ 23.) Civil Code § 1793.2(a)(3) applies only to manufacturers of consumer goods. McCoy Mills is not a manufacturer of consumer goods.

27. Plaintiffs' Fourth Cause of Action is asserted against "Defendant FMC" and alleges breach of Ford's express written warranty, not breach of any warranty issued by McCoy Mills. (Complaint ¶¶ 26-27.)

28. Plaintiffs' Fifth Cause of Action is asserted against "Defendants" and alleges breach of implied warranty of merchantability. Plaintiffs allege that the implied warranty at issue "is coextensive in duration with the duration of the express warranty provided by Defendant." (Complaint ¶ 29.) The only express warranty alleged in the Complaint is the express warranty provided by Ford; accordingly, the implied warranty at issue is Ford's implied warranty that arose when the vehicle was sold new. Plaintiffs do not allege a breach of any implied

7
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b)

warranty that might (or might not) have arisen in connection with McCoy Mills' sale of the vehicle.

29. Plaintiffs' Sixth Cause of Action is asserted against "Defendant FMC" and claims Ford "concealed the Engine Defect, and failed to disclose this defect to Plaintiffs" when the vehicle was sold. (Complaint ¶ 42.) Plaintiffs do not allege any fraudulent conduct by McCoy Mills.

30. Ford believes that Plaintiffs have no intention of pursuing any claim against McCoy Mills, and that McCoy Mills was only named to defeat the claim of diversity and removal to Federal Court.

### B. Plaintiffs Cannot Establish A Claim Against McCoy Mills Based on Breach of Implied Warranty

31. Because Song-Beverly does not establish a statute of limitations for implied warranty claims, the California Uniform Commercial Code's four-year statute of limitations applies to such claims. *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 214-215 (1991); *Carrau v. Marvin Lumber & Cedar Co.*, 93 Cal. App. 4th 281, 297 (2001); *see* Cal. U. Com. Code § 2725(1).

32. The accrual of a cause of action for breach of implied warranty under Song-Beverly is also governed by the California Uniform Commercial Code, *see* Cal. Civ. Code § 1791.1(d), under which "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Cal. U. Com. Code § 2725(2).

33. The limitations trigger in California Uniform Commercial Code section 2725 for an implied warranty claim is not delayed by the discovery rule because the implied warranty is not a warranty that explicitly extends to the performance of future goods. *Cardinal Health 301, Inc. v. Tyco Electronics Corp.*,

169 Cal. App. 4th 116, 134 (2008); *Carrau*, 93 Cal. App. 4th at 292; *Marvin Lumber and Cedar Co. v. PPG Industries, Inc*. 223 F.3d 873, 879 (8th Cir. 2000). Thus, with respect to implied warranties, the "general limitations rule for a breach of warranty cause of action is four years from the date the goods are delivered (regardless of the date the buyer discovers the breach)." *Cardinal Health*, 169 Cal. App. 4th at 129; Cal. U. Com. Code § 2725(2).

34.    Thus, the delayed discovery rule is not applicable to breach of implied warranty claims like Plaintiffs'. *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 961 (S.D.Cal. 2016); *Gerstle v. Am. Honda Motor Co.*, No. 16-cv-04384-JST, 2017 WL 2797810, at *12 (N.D.Cal. June 28, 2017); *Marcus v. Apple Inc.*, No. C 14-03824 WHA, 2015 WL 151489, at *9 (N.D.Cal. Jan. 8, 2015) (applying the discovery rule to implied warranty claims "would be nonsensical. If a warranty period on a product did not begin to run until the purchaser discovers a defect, the statutory time limit on the warranty would be useless. A product could break twelve years after it was purchased and under plaintiffs' theory, the warranty time period would begin then.").

35.    In sum, no California authority holds that a purchaser who does not discover a product's defect until after expiration of the one-year warranty period would be able to overlook the entire period from sale to discovery, so as to have a full four-year period to file suit after discovery – regardless of how long after the sale plaintiff's discovery occurred.

36.    Plaintiffs will not be able to establish a valid claim against McCoy Mills based on breach of implied warranty because any such claim is barred by the statute of limitations, and no tolling doctrine applies. Plaintiffs allege that they purchased the vehicle "on or about January 11, 2008." (Complaint ¶ 7.) They claim the vehicle was defective "at the time of sale." (Complaint ¶¶ 35, 42.) Thus, Plaintiffs are required to have brought an action for breach of implied warranty within four (4) years of purchase in order for the action to be timely. Plaintiffs

filed this action on February 27, 2019, more than eleven (11) years after they purchased the vehicle.

37. The joinder of McCoy Mills is fraudulent because the Complaint does not and cannot state a cause of action against it. *Gasumyan v. Travelers Cas. Ins. Co. of Am.*, 2017 U.S. Dist. LEXIS 73013, at *4 (C.D. Cal. May 11, 2017).

38. Accordingly, Ford believes that Plaintiffs have no intention of pursuing any claim against McCoy Mills, and that McCoy Mills was named in the Complaint only to defeat diversity and thus prevent removal to this Court.

### C. McCoy Mills Is A "Dispensable Party" Pursuant To FRCP 21 And May Be Severed From This Action

39. Alternatively, under Fed. R. Civ. P. 21, "the court may, at any time, on just terms, add or drop a party." "Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered").

40. McCoy Mills is not a necessary party. Plaintiffs can secure full relief from Ford alone because the gravamen of Plaintiffs' claims is that their Ford vehicle allegedly had an irreparable defect. (Complaint ¶¶ 7-15.) Plaintiffs' only claim against McCoy Mills is duplicative of the implied warranty claim against Ford. Complete relief is afforded without the dealership, so there is no prejudice to Plaintiffs. *Keledjian v. Jabil Circuit, Inc.*, 17 CV0332-MMA, 2017 U.S.Dist. LEXIS 127384, at *18 (S.D. Cal. Aug. 10, 2017).

41. Here, severance is particularly appropriate because McCoy Mills likely has the right to arbitrate Plaintiffs' claims against it. Thus, if this case were

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

to remain in state court, Plaintiffs' claims against McCoy Mills would likely be severed from the remainder of the case and proceed in arbitration in any event. There is thus no reason not to sever McCoy Mills and the claim against it right now.

42. For the reasons stated above, there is diversity of citizenship between Plaintiff, who is a California citizen, and Ford, a citizen of Michigan and Delaware. Though Ford Fairfield is a California citizen, the Court still has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332, as McCoy Mills was fraudulently joined by Plaintiffs. Alternatively, this Court may sever McCoy Mills and any claims against it (although there are none that are valid), as a dispensable and nondiverse party pursuant to FRCP 21.

## V. CONCLUSION

43. For the reasons stated above, the State Action may be removed to this Court by Ford and McCoy Mills in accordance with the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (iii) the action is solely between properly joined citizens of different states.

44. **WHEREFORE**, Defendants Ford and McCoy Mills hereby notify Plaintiffs and their attorneys that this action, formerly pending in the Los Angeles County Superior Court, has been removed from that court to this Court.

Dated: April 2, 2019

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Charles F. Harlow
STEPHEN H. DYE
CHARLES F. HARLOW
Attorneys for Defendants
FORD MOTOR COMPANY and
MCCOY & MILLS dba MCCOY MILLS FORD

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b)