# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
03/01/2019
CT Log Number 535020842

TO:     Chris Dzbanski
        FORD MOTOR COMPANY
        1 American Rd Whq 421-E6
        Dearborn, MI 48126-2701

RE:     **Process Served in California**

FOR:    Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carol A. Richens and Gary T. Richens, Pltfs. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Addendum(s), Notice(s), Attachment(s), Stipulation(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 19STCV06716 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - 2008 Ford F350, VIN: 1FTWW31R98EB18280 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2019 at 15:34 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Tionna Dolin<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>310-929-4900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/02/2019, Expected Purge Date: 03/07/2019<br><br>Image SOP<br><br>Email Notification,  Mary Ann MacKinnon  mmackin1@ford.com<br><br>Email Notification,  Chris Dzbanski  cdzbansk@ford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

19STCV06716

Electronically FILED by Superior Court of California, County of Los Angeles on 02/27/2019 03:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores Hernandez,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY; MCCOY MILLS FORD;
and DOES 1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CAROL A. RICHENS and GARY T. RICHENS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tionna Dolin; 1840 Century Park East, Suite 430, Los Angeles, CA 90067; Tel: (310) 929-4900

DATE: 02/27/2019               Clerk, by   Sherri R. Carter Executive Officer / Clerk of Court , Deputy
*(Fecha)*                      *(Secretario)*   Heather A. Flores-Hernandez  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):* Ford Motor Company

under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

       [ ] other *(specify):*
4. [x] by personal delivery on *(date):* 3/a/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

19STCV06716

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

Electronically FILED by Superior Court of California, County of Los Angeles on 02/27/2019 03:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

1  Tionna Dolin (SBN 299010)
   e-mail: tdolin@slpattorney.com
2  **Strategic Legal Practices, APC**
   1840 Century Park East, Suite 430
3  Los Angeles, CA 90067
   Telephone: (310) 929-4900
4  Facsimile:  (310) 943-3838

5
   Attorneys for Plaintiffs CAROL A. RICHENS and GARY T. RICHENS
6

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                     **COUNTY OF LOS ANGELES**

9

| | |
|---|---|
| 10  CAROL A. RICHENS and GARY T. RICHENS, | Case No.: |
| 11 | Hon. |
| 12            Plaintiffs, | Dept. |
| 13       vs. | |
| 14  FORD MOTOR COMPANY; MCCOY | **COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** |
| 15  MILLS FORD; and DOES 1 through 10, inclusive, | |
| 16 | JURY TRIAL DEMANDED |
| 17            Defendants. | |

*(left vertical margin)* STRATEGIC LEGAL PRACTICES, APC  1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

18
19
20
21
22
23
24
25
26
27
28

---

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiffs allege as follows:

## PARTIES

1.    As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs CAROL A. RICHENS and GARY T. RICHENS.

2.    Plaintiffs are residents of Orange County, California.

3.    As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint, unless otherwise specified.

4.    Defendant FORD MOTOR COMPANY ("Defendant FMC") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California.  At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Los Angeles County.

5.    Defendant MCCOY MILLS FORD ("Defendant MILLS FORD") is an unknown business entity organized and in existence under the laws of the State of California. At all times relevant herein, Defendant was engaged in the business of selling automobiles and automobile components, and servicing and repairing automobiles in Orange County.

6.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474.   When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

## FIRST CAUSE OF ACTION

## BY PLAINTIFFS AGAINST DEFENDANT FMC

## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

7.    On or about January 11, 2008 Plaintiffs purchased a 2008 Ford F350 Super Duty vehicle identification number 1FTWW31R98EB18280, (hereafter "Vehicle") from Defendant MILLS FORD, which was manufactured and or distributed by Defendant FMC.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1

1   The Vehicle was purchased or used primarily for personal, family, or household purposes.
2   Plaintiffs purchased the Vehicle from a person or entity engaged in the business of
3   manufacturing, distributing, or selling consumer goods at retail.

4       8.      In connection with the purchase, Plaintiffs received an express written warranty
5   in which Defendant undertook to preserve or maintain the utility or performance of the
6   Vehicle or to provide compensation if there is a failure in utility or performance for a
7   specified period of time.  The warranty provided, in relevant part, that in the event a defect
8   developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for
9   repair services to Defendant's representative and the Vehicle would be repaired.  Specifically,
10  Defendant Ford's Super Duty Trucks containing the 6.4L Engines were sold with Ford's
11  Limited Warranty, including the 6.4-liter PowerStroke Diesel Engine Warranty, which covers
12  the "engine and engine components against defects in factory-supplied materials or
13  workmanship for five years after the warranty start date or 100,000 miles, whichever occurs
14  first," and provides that "[d]uring this coverage period, authorized Ford Motor Company
15  dealers will repair, replace, or adjust all parts on your vehicle that are defective in factory-
16  supplied materials or workmanship."

17      9.      During the warranty period, the Vehicle contained or developed defects,
18  including but not limited to, defects related to the engine; defects requiring the recalibration of
19  the powertrain control module ("PCM"); defects causing stalling; defects requiring the
20  performance of Recall 08C01; defects causing the A/C blower to malfunction and/or be
21  intermittently inoperable; defects causing water intrusion into the trailer connector and/or
22  wiring; defects requiring the replacement of the trailer connector and/or bracket; defects
23  causing the illumination of the check engine light; defects causing engine oil leaks; defects
24  requiring the replacement of the engine CAM sensor O-ring; defects requiring the engine to be
25  steam cleaned; defects causing coolant leak(s); defects related to the Vehicle's cooling
26  system; defects requiring replacement of the crank pulley; defects causing front seal leak(s);
27  defects related to the radiator; defects requiring replacement of the lower radiator hose;
28  defects requiring replacement of the radiator assembly; defects requiring performance of

STRATEGIC LEGAL PRACTICES, APC

1   Recall 11B23B; defects causing low coolant level; defects causing the radiator hoses to leak at
2   the O-rings; defects requiring replacement of the rear main seal; defects related to the EGR
3   system; defects causing the engine to become sluggish on acceleration; defects requiring
4   repeated performance of an EEC test; defects requiring the replacement of the fuel filter;
5   defects requiring replacement of seal front crankshaft; defects requiring the replacement of a
6   leaking pension seal; defects requiring the replacement of the pan gasket; defects requiring the
7   replacement of damaged water hose and/or squirters; defects requiring the replacement of a
8   degas bottle; defects related to the brakes; defects requiring the replacement of brake pads;
9   defects requiring the replacement of brake shoes; defects requiring the rotors to be resurfaced
10  and/or machined; defects related to the tailgate; defects requiring the tailgate liner to be
11  repaired; defects causing the Vehicle to pull to the right;  and/or any other defects described in
12  the Vehicle's repair history. Said defects substantially impair the use, value, or safety of the
13  Vehicle.

14      10.    Plaintiffs suffered damages in a sum to be proven at trial in an amount that is
15  not less than $25,001.00.

16      11.    Defendant and its representatives in this state have been unable to service or
17  repair the Vehicle to conform to the applicable express warranties after a reasonable number
18  of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make
19  restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil
20  Code section 1793.1, subdivision (a)(2).

21      12.    Plaintiffs have been damaged by Defendant's failure to comply with its
22  obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section
23  1793.1, subdivision (a)(2), and therefore bring this cause of action pursuant to Civil Code
24  section 1794.

25      13.    Defendant's failure to comply with its obligations under Civil Code section
26  1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that
27  they were unable to service or repair the Vehicle to conform to the applicable express
28  warranties after a reasonable number of repair attempts, yet Defendant failed and refused to

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1    promptly replace the Vehicle or make restitution.  Accordingly, Plaintiffs are entitled to a civil

2    penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794,

3    subdivision (c).

4        14.    Defendant does not maintain a qualified third-party dispute resolution process

5    which substantially complies with Civil Code section 1793.22.  Accordingly, Plaintiffs are

6    entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code

7    section 1794, subdivision (e).

8        15.    Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e)

9    in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

10   section 1794, subdivision (f).

11   <center>**SECOND CAUSE OF ACTION**</center>

12   <center>**BY PLAINTIFFS AGAINST DEFENDANT FMC**</center>

13   <center>**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**</center>

14       16.    Plaintiffs incorporate by reference the allegations contained in the paragraphs

15   set forth above.

16       17.    Although Plaintiffs presented the Vehicle to Defendant's representative in this

17   state, Defendant and its representative failed to commence the service or repairs within a

18   reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

19   warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).

20   Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

21       18.    Plaintiffs have been damaged by Defendant's failure to comply with its

22   obligations pursuant to Civil Code section 1793.2(b), and therefore bring this Cause of Action

23   pursuant to Civil Code section 1794.

24       19.    Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the

25   Vehicle and have exercised a right to cancel the purchase.  By serving this Complaint,

26   Plaintiffs do so again.  Accordingly, Plaintiffs seek the remedies provided in California Civil

27   Code section 1794(b)(1), including the entire contract price.  In the alternative, Plaintiffs seek

28   the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

<center>4</center>

1   value of the Vehicle resulting from its defects.  Plaintiffs believe that, at the present time, the

2   Vehicle's value is *de minimis*.

3          20.     Defendant's failure to comply with its obligations under Civil Code section

4   1793.2(b) was willful, in that Defendant and its representative were aware that they were

5   obligated to service or repair the Vehicle to conform to the applicable express warranties

6   within 30 days, yet they failed to do so.  Accordingly, Plaintiffs are entitled to a civil penalty

7   of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

<div align="center">

**THIRD CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT FMC**

**VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

</div>

11          21.     Plaintiffs incorporate by reference the allegations contained in paragraphs set

12   forth above.

13          22.     In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed

14   to make available to its authorized service and repair facilities sufficient service literature and

15   replacement parts to effect repairs during the express warranty period.  Plaintiffs have been

16   damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section

17   1793.2(a)(3), and therefore bring this Cause of Action pursuant to Civil Code section 1794.

18          23.     Defendant's failure to comply with its obligations under Civil Code section

19   1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide

20   literature and replacement parts sufficient to allow its repair facilities to effect repairs during

21   the warranty period, yet Defendant failed to take any action to correct its failure to comply

22   with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs'

23   actual damages; pursuant to Civil Code section 1794(c).

24   ///

25   ///

26   ///

27   ///

28   ///

<div align="center">

**COMPLAINT; JURY TRIAL DEMANDED**

</div>

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT FMC**

**BREACH OF EXPRESS WRITTEN WARRANTY**

**(CIV. CODE, § 1791.2, SUBD. (a); § 1794)**

24.     Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

25.     In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

26.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore bring this Cause of Action pursuant to Civil Code section 1794.

27.     Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times of Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANTS**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**(CIV. CODE, § 1791.1; § 1794; §1795.5)**

28.     Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

29.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1,

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

6

1   the duration of the implied warranty is coextensive in duration with the duration of the express

2   written warranty provided by Defendant, except that the duration is not to exceed one-year.

3       30.   Pursuant to Civil Code section 1791.1 (a), the implied warranty of

4   merchantability means and includes that the Vehicle will comply with each of the following

5   requirements:  (1) The Vehicle will pass without objection in the trade under the contract

6   description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3)

7   The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to

8   the promises or affirmations of fact made on the container or label.

9       31.   At the time of purchase, or within one-year thereafter, the Vehicle contained or

10  developed the defects set forth above. The existence of each of these defects constitutes a

11  breach of the implied warranty because the Vehicle (1) does not pass without objection in the

12  trade under the contract description, (2) is not fit for the ordinary purposes for which such

13  goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not

14  conform to the promises or affirmations of fact made on the container or label.

15      32.   Plaintiffs have been damaged by Defendant's failure to comply with its

16  obligations under the implied warranty, and therefore bring this Cause of Action pursuant to

17  Civil Code section 1794.

## SIXTH CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT FMC

### FRAUD BY OMISSION

21      33.   Plaintiffs hereby incorporate by reference the allegations contained in the

22  preceding paragraphs of this Complaint.

23      34.   Plaintiffs also allege that Defendant Ford concealed a known defect from

24  Plaintiffs. The defective component is called the 6.4-Liter PowerStroke Engine (hereinafter

25  "6.4L Engine"), in addition to its accompanying cooling, exhaust, and transmission systems.

26  The 6.4L Engine is a sequential turbocharged V8 diesel engine manufactured by Navistar, Inc.

27  ("Navistar") and used by Defendant Ford in their 2008-2010 model year Ford F-250 Super

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

7

Duty, Ford F-350 Super Duty, and Ford F-450 Super Duty trucks (collectively, "Super Duty Trucks").

35.     Defendant Ford committed fraud by allowing the Vehicle to be sold to Plaintiffs without disclosing that the Vehicle and its engine was defective and susceptible to sudden and premature failure.

36.     Defendant Ford marketed and sold 6.4L Engine emphasizing its improved power and reliability over the outgoing 6.0 Liter PowerStroke Engine, claiming that it had "been tested the equivalent of 10 million miles on road and in the lab, helping ensure excellent long-term durability," and that the new engine had been developed using "real-world data" that "more accurately reflected real-world use." Defendant Ford further claimed that it had tested the 6.4L Engine "using the most extreme and abusive conditions and run to five-times the life cycle that the hardest-working truck would ever experience, further assuring durability."

37..    Defendant Ford designed the 6.4L Engine in an effort to meet heightened governmental and consumer expectations for fuel economy, performance, convenience, and efficiency. Defendant Ford designed and marketed its 6.4L Engine as a more advanced, cleaner, and more fuel efficient engine.  In Defendant Ford's press release dated October 23, 2007, Ford's Diesel Powertrain Chief Engineer Rick Renwick stated, "No diesel engine has ever delivered this much power and refinement with such clean emissions." Defendant Ford claimed that its use of sequential turbos, exhaust gas recirculation ("EGR") coolers, diesel particulate filter ("DPF"), high-pressure fuel injection system, redesigned exhaust system, and improved electronic systems resulted in a ninety-seven percent (97%) reduction in particulate emissions from the outgoing 6.0 Liter PowerStroke Engine. Mr. Renwick also stated that the 6.4L Engine was designed to have "the industry's most robust cooling system to provide maximum power and torque under extreme operating conditions."

38.     The 6.4L Engine is plagued by numerous problems and safety concerns. .

39.     Plaintiffs are informed and believe, and based thereon allege, that the 6.4L Engine is defective in its design and/or manufacture including, among other problems, issues

with EGR cooler failure, oil cooler failure, radiator failure, fuel injector failure, coolant entering the engine ventilation system, blown head gaskets, warped head bolts, and the engine suffering from a loss of power (the "Engine Defect"). The Engine Defects are of a permanent nature which cannot be satisfactorily corrected by repairs or replacement of parts to the engine, cooling system, and related components.  Plaintiffs are informed and believe, and based thereon allege, that Defendant Ford has refused to adequately repair certain defects and problems during the warranty period, resulting in owners having to personally incur the associated repair costs when the 6.4L Engines have failed after their warranties' expirations.

40.     The Engine Defect causes unsafe conditions in vehicles equipped with the 6.4L Engine, including, but not limited the engine losing power while driving and overheating. These conditions present a safety hazard because they severely affect the driver's ability to control the vehicle, and substantially increase the likelihood that the engine will fail, lose power, and/or cut off during operation, thereby resulting in accidents involving property damage, personal injury and even death.

41.     On information and belief, the Engine Defect also causes premature wear to the 6.4L Engine's camshaft, manifold, turbos, gaskets, seals, and other components, which results in premature engine failure and requires expensive repairs, including premature engine replacement.

42.     Plaintiffs are informed and believe, and based thereon allege, that prior to sale of the Subject Vehicle, Ford knew, or should have known, about the Engine Defect through its exclusive knowledge of non-public, internal data about the Engine Defect, including: pre-releasing testing data; early consumer complaints about the Engine Defect to Defendant Ford's dealers who are Ford's agents for vehicle repairs; dealership repair orders; testing conducted in response to those complaints; technical service bulletins ("TSBs") developed by Defendant Ford and communicated to its dealers and authorized repair facilities; and other internal sources of information possessed exclusively by Defendant Ford and its agents. Nevertheless, Defendant Ford and its agents have actively concealed the Engine Defect, and

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1  failed to disclose this defect to Plaintiffs at the time of purchase of the Subject Vehicle or
2  thereafter.

3        43.    Because Defendant Ford will not notify the public that the 6.4L Engine is
4  defective, Plaintiffs (as well as members of the general public) are subjected to dangerous
5  driving conditions that often occur without warning.

6        44.    Defendant Ford knew about, and concealed, the Engine Defect present in the
7  Subject Vehicle, along with the Engine Defect's attendant dangerous safety and drivability
8  problems, from Plaintiffs at the time of sale, repair, and thereafter.   In fact, instead of
9  repairing the defects in the 6.4L Engine, Ford either refused to acknowledge their existence,
10 or performed superficial and ineffectual repairs that simply masked the symptoms of the
11 Engine Defect.

12       45.    If Plaintiffs knew about these defects at the time of sale, Plaintiffs would not
13 have purchased the Subject Vehicle or would have paid substantially less for it.

14       46.    As a result of Plaintiffs' reliance on Ford and its agent's omissions and/or
15 misrepresentations, Plaintiffs suffered an ascertainable loss of money, property, and value to
16 the Subject Vehicle.  Additionally, as a result of the Engine Defect, Plaintiffs were harmed
17 and suffered actual damages in that the Subject Vehicle's engine is substantially certain to fail
18 before its expected useful life has run.

19       47.    Defendant Ford had superior and exclusive knowledge of the Engine Defect,
20 and knew or should have known that the Engine Defect was not known or reasonably
21 discoverable by Plaintiffs, before Plaintiffs purchased the Subject Vehicle.

22       48.    Plaintiffs are informed and believe and based thereon allege that before
23 Plaintiffs purchased the Subject Vehicle, Defendant Ford knew about the Engine Defect
24 through sources not available to consumers, including pre-release testing data, early consumer
25 complaints about the transmission defects to Ford and its dealers, testing conducted in
26 response to those complaints, failure rates and replacement part sales data, aggregate data
27 from Ford dealers, among other internal sources of aggregate information about the problem.

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

49.     In addition to having access to years of analysis and feedback concerning the prior 6.0L PowerStroke Engine design, Defendant Ford also acknowledged in its own press releases the extensive pre-release testing and computer aided modeling, simulation, and analysis it conducted before bringing the 6.4L Engine to the market.

50.     Defendant Ford internally recognized that the 6.4L Engines had significant quality, design, manufacture, and reliability issues. Numerous Technical Service Bulletins ("TSBs") were issued by Defendant Ford to alert automotive technicians about specific service problem areas, specific repair procedures, and new service techniques relating to the issues presented by the 6.4L Engine, including, but not limited to, problems with the engine cooling system, the fuel system, the transmission, the engine itself, and other components. The TSBs describe several defects common to the 6.4L Engine, and evidence the fact that Ford was well aware of the problems with these engines. Typically, unless a vehicle owner is knowledgeable about the NHTSA database, the owner never sees or hears of the TSBs issued to automotive repair facilities.

51.     Defendant Ford also issued a recall on March 26, 2007 for Super Duty Trucks equipped with 6.4L Engines for an excessive temperature defect that resulted in a lack of power or rough operation; unusual noises from the engine or exhaust; white smoke from the exhaust; and visible flames out of the tailpipe. Also, on March 26, 2007, Defendant Ford issued a second recall for a wiring defect in Super Duty Trucks that could result in exposed copper wiring, increasing the risk of fire. These defects and the accompanying symptoms mirror the common defects and symptoms exhibited by vehicles equipped with 6.4L Engines.

52.     Owners of vehicles equipped with 6.4L Engines notified Defendant Ford of the 6.4L Engine's problems, either directly through Defendant Ford's Customer Relationship Center or indirectly through Defendant Ford's authorized repair facilities. Defendant Ford has computer systems whereby it monitors warranty claims, communicates with its authorized dealers, and monitors the malfunctions and repair records of its vehicles. These systems include MORS (Master Owner Relations System), AWS (Analytical Warranty System), and CQIS (Common Quality Indicator System).

11

53.     Through these systems, Defendant Ford has detailed information regarding each time a vehicle is brought into a Ford dealership for repair, including but not limited to the symptoms that required the unit be brought in for service, the diagnosis of the problem, the repair authorized by Defendant Ford, and the work performed on the vehicle.

54.     The existence of the Engine Defect is a material fact that a reasonable consumer would consider when deciding whether to purchase or lease a vehicle equipped with a 6.4L Engine.  Had Plaintiffs known that the Subject Vehicle was equipped with a defective engine, Plaintiffs would not have purchased the Subject Vehicle equipped with the 6.4L Engine or would have paid substantially less for it.

55.     Reasonable consumers, like Plaintiffs, reasonably expect that a vehicle's engine is safe, will function in a manner that will not pose a safety hazard, and is free from defects. Plaintiffs further reasonably expect that Ford will not sell or lease vehicles with known safety defects, such as the Engine Defect, and will disclose any such defects to its consumers when it learns of them.  They did not expect Defendant Ford to fail to disclose the Engine Defect to them and to continually deny the defect.

56.     Defendant Ford has never disclosed the Engine Defect to Plaintiffs prior to the purchase of the Subject Vehicle or at any point during ownership of the Subject Vehicle, and Defendant Ford has never instructed its dealerships to disclose the Engine Defect to drivers or potential purchasers or lessees of vehicles equipped with the 6.4L Engine.

57.     The Engine Defect was not known or reasonably discoverable by the Plaintiffs before purchase or lease, or without experiencing the defect first hand and exposing themselves to an unreasonable safety risk. In fact, Plaintiffs could not have discovered the Engine Defect until after Defendant failed to repair the Subject Vehicle following repeated visits to Defendant's authorize repair facilities.

58.     Defendant Ford has remained silent even as it issued service bulletins, conducted internal investigations, and witnessed the failure of the engine in earlier model years of Super Duty Trucks.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

59.    Defendant Ford's failure to notify consumers, dealerships, or auto-technicians prevents the Engine Defect from being efficiently diagnosed. Drivers are led to believe that the problems they are experiencing with the engines in their vehicle are actually "normal characteristics" of the engine. Likewise, the lack of information makes it less likely that dealerships and auto-technicians will be able to diagnose and fix the Engine Defects, or advise Plaintiffs about the dangers of driving the Subject Vehicle.

60.    As a result of Defendant Ford's inaction and silence, Plaintiffs were entirely unaware that Plaintiffs purchased, and continue to drive, an unsafe and unreliable vehicle. As Defendant Ford knows, a reasonable person would consider the Engine Defects important and would not purchase or lease a vehicle equipped with the Engine Defect were the defect disclosed in advance, or would pay substantially less for the vehicle.

61.    Despite Defendant Ford's knowledge of the Engine Defect, it continued to represent that its Super Duty Trucks were of high quality, and trained its dealers throughout the country to specifically tout the supposedly superior attributes of the 6.4L Engine, without ever mentioning its troubled history of design, manufacturing, and reliability defects. Defendant Ford continued to conceal its knowledge of the defective 6.4L Engine in its marketing materials, relied upon by Plaintiffs.

62.    Defendant Ford represented that the 6.4L Engine had a redesigned cast-iron block and heads that "provide a strong, durable foundation for making power and torque" capable of operating at "higher pressures [that provide] more efficient combustion, delivering increased power and cleaner emissions." Defendant Ford further represented that the 6.4L Engine had a "state-of-the-art, high-pressure common rail fuel injection system" that provided "instant response for optimized acceleration."

63.    Additionally, Defendant Ford represented that the 6.4L Engine had an engine control module that had its durability "increased by two times to insure robustness."

64.    Defendant Ford also represented that the 6.4L Engine had "the industry's most robust cooling system to provide maximum power and torque under extreme operating conditions," with 50% greater water pump flow rate.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

65.   At all relevant times, Ford was aware of its inability to repair the defects in the 6.4L Engine.

66.   Despite having this critical knowledge, Ford failed to disclose it to its consumers, and continuously treated the symptoms rather than the underlying "root cause" of the problem.

67.   Defendant Ford had authorized dealers implement a strategy that allowed the dealers to take only limited repair measures, such as cleaning or replacing individual components, which did not properly remedy or resolve the underlying defect. This strategy reduced Defendant Ford's warranty spending but did nothing to fix the underlying root causes of the defects. These minor, limited measures merely addressed the symptoms. Moreover, these measures misled customers to believe that the underlying problem had been fixed, when in fact the symptom likely would reoccur on a later date, possibly when the warranty would have expired, typically forcing the additional expenses to be borne by the customer rather than by the dealer.

68.   Defendant Ford accumulated a massive database through which it realized that the minor, limited work it was authorizing was inadequate to properly repair these defective engines, and major repairs, including engine replacement, were necessary to address these defects.

69.   Defendant Ford continued its practice of only authorizing minor, ineffective repairs of these engine defects. Defendant Ford unfairly benefitted by this practice because Ford knew that after the warranty expired, the vehicle owner, rather than Ford, would have to pay for all future repairs.

70.   Those repair strategies were performed on Plaintiffs' vehicle. Defendant Ford represented that the repairs would fix the vehicle, despite its knowledge that the repairs performed would merely postpone the problem in the 6.4L Engine until the engine was out of warranty.

71.   Defendant Ford still has not notified Plaintiffs that the Subject Vehicle suffers from a systemic defect that causes the engine to malfunction.

72.     As a result of Defendant Ford's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

## TOLLING OF THE STATUTES OF LIMITATION

73.     To the extent there are any statutes of limitation applicable to Plaintiffs' claims—including, without limitation, their express warranty, implied warranty and fraudulent omission claims—the running of the limitation periods has been tolled by, *inter alia*, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rule, equitable estoppel, the repair rule, and/or class action tolling (*e.g.*, the *American Pipe* rule) arising from the pendency of the *Darne v. Ford Motor Company, United States District Court, Northern District of Illinois, Case No. 1:13-cv-03594, which was filed on May 14, 2013.*

74.     Under the tolling rule articulated in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) ("*American Pipe*"), the filing of a class action lawsuit in federal court tolls the statute of limitations for the claims of unnamed class members until the class certification issue is resolved. In applying *American Pipe* tolling to California cases, the California Supreme Court summarized the tolling rule derived from *American Pipe* and stated that the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1119 (1988). Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action. *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1464 (2015).

75.     The facts alleged in Darne v. Ford Motor Company, United States District Court, Northern District of Illinois, Case No. 1:13-cv-03594 are substantially similar, if not identical to the facts alleged herein.

76.     There is no prejudice to Defendant Ford in gathering evidence to defend against Plaintiffs' individual claims because the class definition in the class action complaint within which Plaintiffs were putative class members and the allegations in the class action lawsuit, *Darne v. Ford Motor Company*, United States District Court, Northern District of Illinois, Case No. 1:13-cv-03594, put Defendant Ford on notice of the facts that give rise to Plaintiffs'

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1 individual action, the witnesses necessary for Defendant Ford to defend Plaintiffs' individual

2 action, and the causes of action against Defendant Ford asserted in Plaintiffs' individual action.

3      77.    The tolling of Plaintiffs' individual statute of limitations encourages the

4 protection of efficiency and economy in litigation as promoted by the class action devise, so

5 that putative class members would not find it necessary to seek to intervene or to join

6 individually because of fear the class might never be certified or putative class members may

7 subsequently seek to request exclusion.

8      78.    The running of all statute of limitations on each of Plaintiffs' claims asserted

9 against Ford in the present action were therefore tolled by American-Pipe tolling during the

10 entire pendency of the *Darne* class action (i.e., from the date on which the *Darne* class action

11 was filed on May 14, 2013 to the date on which Plaintiffs filed the instant action).

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

16

**COMPLAINT; JURY TRIAL DEMANDED**

**PRAYER**

PLAINTIFFS PRAY for judgment against Defendant as follows:

     a.  For Plaintiffs' actual damages in an amount according to proof;

     b.  For restitution;

     c.  For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

     d.  For any consequential and incidental damages;

     e.  For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

     f.  For punitive damages;

     g.  For prejudgment interest at the legal rate; and

     h.  For such other relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

Dated: February 27, 2019            STRATEGIC LEGAL PRACTICES, APC

BY:      _____

TIONNA DOLIN
Attorney for Plaintiffs CAROL A. RICHENS
and GARY T. RICHENS

17

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1  STEPHEN H. DYE (SBN 104385)
       e-mail: sdye@schnader.com
2  CHARLES F. HARLOW (SBN 200702)
       e-mail: charlow@schnader.com
3  SCHNADER HARRISON SEGAL & LEWIS LLP
   650 California Street, 19th Floor
4  San Francisco, California  94108-2736
   Telephone:  (415) 364-6700
5  Facsimile: (415) 364-6785

6  Attorneys for Defendant
   FORD MOTOR COMPANY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  CAROL A. RICHENS and GARY T.          Case No. 19STCV06716
    RICHENS,
12                                         **DEFENDANT FORD MOTOR
                    Plaintiffs,            COMPANY'S ANSWER TO PLAINTIFFS'
13                                         UNVERIFIED COMPLAINT FOR
           vs.                             VIOLATION OF STATUTORY
14                                         OBLIGATIONS**
    FORD MOTOR COMPANY; MCCOY
15  MILLS FORD; and DOES 1 through 10,     **DEMAND FOR JURY TRIAL**
    inclusive,
16                                         Action Filed:  February 27, 2019
                    Defendants.            Trial Date:    None assigned
17

18

19

20

21        Defendant FORD MOTOR COMPANY ("Ford" or "Defendant"), for itself alone and

22  for no other party, hereby answers the unverified Complaint of Plaintiffs CAROL A. RICHENS

23  and GARY T. RICHENS ("Plaintiffs") as follows:

24                          **GENERAL DENIAL**

25        Under the provisions of §431.30(d) of the California Code of Civil Procedure, Ford

26  denies each and every allegation, both specifically and generally, of each cause of action

27  contained in Plaintiffs' Complaint on file herein and the whole thereof, and denies that Plaintiffs

28  were damaged in any sum or sums, or at all.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA  94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**AFFIRMATIVE DEFENSES**

Ford alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Facts)

Plaintiffs' Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Ford.

**SECOND AFFIRMATIVE DEFENSE**

(No Breach of Warranty)

There was no breach of warranty to the extent that Plaintiffs' concerns were resolved under the warranty or occurred after the expiration of the original express warranty.

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiffs are estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of Plaintiffs' acts, failures to act, conduct, representations, admission, and the like.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiffs have waived Plaintiffs' rights to the claims, causes of action and relief sought in this Complaint against Ford, by virtue of Plaintiffs' acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Ford.  Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

///

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT . . .

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA  94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

## SIXTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Plaintiffs' causes of action have not accrued because Plaintiffs cannot establish that Plaintiffs suffered injury directly from the subject vehicle or products and, therefore, Plaintiffs' contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## SEVENTH AFFIRMATIVE DEFENSE

### (Performance)

Prior to the commencement of this action, Ford fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiffs arising out of any and all agreements, representations or contracts made by it or on its behalf and this action is therefore barred by the provisions of Civil Code section 1473.

## EIGHTH AFFIRMATIVE DEFENSE

### (Abuse, Misuse, Alteration and Improper Care)

Plaintiffs and/or others misused, abused, altered and improperly cared for and maintained the subject vehicle contrary to Ford's approval or consent and Plaintiffs' damages, if any, were proximately caused by such misuse, alteration, abuse and neglect of the product.

## NINTH AFFIRMATIVE DEFENSE

### (No Defect in Materials or Workmanship)

The damages asserted in Plaintiffs' Complaint were not the result of any defect in material or workmanship in any vehicle manufactured by Ford.  Specifically, Ford alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

## TENTH AFFIRMATIVE DEFENSE

### (No Timely Revocation of Acceptance)

Plaintiffs have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT . . .

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Maintain Vehicle)

Ford alleges that Plaintiffs are precluded from recovery due to failure to maintain and service the subject vehicle in conformance with the requirements and recommendations of the owner's manual and/or warranty booklet.

## TWELFTH AFFIRMATIVE DEFENSE

(Disclaimer of Incidental and Consequential Damages and Limitation of Damages)

The limited warranty for the subject vehicle at issue limits the damages that may be obtained by Plaintiffs for any alleged breach of warranty such that some, if not all, of the damages sought, including those for incidental or consequential damages, are not recoverable.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Vehicle Fit for Intended Purpose)

The subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability. *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291 (1995).

## FOURTEENTH AFFIRMATIVE DEFENSE

(Duration of Implied Warranty)

The alleged nonconformities did not arise until after the implied warranty expired. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability.  California Civil Code §1791.1(c).

## FIFTEENTHAFFIRMATIVE DEFENSE

(Failure to Abide by Terms of Warranty)

Claims by Plaintiffs of breach of warranty are barred because of Plaintiffs' failure to give timely and appropriate notice of any claim of breach of warranty.

/ / /

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1    **SIXTEENTH AFFIRMATIVE DEFENSE**

2    (No Impairment of Use, Value or Safety)

3        The subject vehicle has not been subject to repair for any nonconformity or condition

4    that substantially impaired the use, value or safety of the vehicle.

5    **SEVENTEENTH AFFIRMATIVE DEFENSE**

6    (Unreasonable Use of Vehicle)

7        Plaintiffs' claims may be barred by waiver due to Plaintiffs' unreasonable use of the

8    vehicle after the nonconformity or nonconformities allegedly could not be repaired.

9    **EIGHTEENTH AFFIRMATIVE DEFENSE**

10   (Failure to Use Dispute Resolution Process)

11       Plaintiffs and/or the owner(s) of the subject vehicle received timely notice of the

12   availability of a third party dispute resolution process, and that no effort was made to use such

13   process.

14   **NINETEENTH AFFIRMATIVE DEFENSE**

15   (Failure to Provide Reasonable Opportunity to Cure)

16       Plaintiffs failed to provide Ford with a reasonable opportunity to cure any alleged defect

17   as required by 15 U.S.C. §2310(e) and Civil Code §1790, *et seq.*

18   **TWENTIETH AFFIRMATIVE DEFENSE**

19   (No Prejudgment Interest)

20       Plaintiffs' Complaint fails to state facts sufficient to constitute a basis for recovery of

21   prejudgment interest.

22   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

23   (Business Use)

24       The subject vehicle was not purchased or used primarily for personal, family, or

25   household purposes, and that the business use was by a person, including a partnership, limited

26   liability company, corporation, association, or any other legal entity, to which more than five

27   motor vehicles were registered in this state.

28

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT . . .

1
**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2
(Failure to Mitigate)

3
Plaintiffs failed and neglected to use reasonable care to protect themselves and to

4
minimize their losses and damages, if any.

5
**TWENTY-THIRD AFFIRMATIVE DEFENSE**

6
(No Agency Relationship)

7
Ford denies any allegations of agency contained in Plaintiffs' Complaint.

8
**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

9
(Assumption of Risk)

10
Plaintiffs knew about matters giving rise to the Complaint and assumed the risk created

11
thereby.

12
**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13
(Good Faith Conduct)

14
Ford has acted in good faith and reasonably with respect to the matters alleged in

15
Plaintiffs' Complaint, including any evaluation of Plaintiffs' repurchase request. Consequently,

16
Plaintiffs have no claim for civil penalty for any alleged willful violation.

17
**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

18
(Doctrine of Consent)

19
Plaintiffs are barred from recovering the relief sought by reason of the doctrine of

20
consent.

21
**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

22
(Statute of Limitations)

23
Plaintiffs' Complaint and each cause of action contained therein does not state facts

24
sufficient to constitute a cause of action in that the Complaint and each cause of action is barred

25
by the applicable statute of limitations, including, but not limited to, those stated in Part II, Title

26
2, Chapter 3 of the California Code of Civil Procedure, §§335 through 346.4, California Civil

27
Code, §§1783, 1791.1, 1793.2, and 1793.22, California Commercial Code, §2725, and Business

28
and Professions Code, §17208.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT . . .

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Warranty Exclusions)

Plaintiffs' action for breach of warranty is barred by the terms, conditions, disclaimers and exclusions of the warranty, if any; moreover, Plaintiffs have failed to comply with all obligations under the warranty, if any, to include, but not limited to, timely notice, proper maintenance and appropriate use.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Civil Penalty Barred)

Any prayer made by Plaintiffs for a civil penalty pursuant to Civil Code §1794(e) is barred because Ford maintains a qualified third party dispute resolution process, which substantially complies with subdivision (d) of §1793.22 of the Civil Code.  Further, Plaintiffs failed to serve the notice required for recovery of a civil penalty under this provision.

## THIRTIETH AFFIRMATIVE DEFENSE

(Spoliation of Evidence)

This action is barred or limited because of the altering, spoiling, damaging, destruction, or losing of evidence by Plaintiffs, which thereby has reduced the likelihood that this action will result in a reliable adjudication of facts, and impairs Ford's right to a fair opportunity to adjudicate its alleged liability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Properly Notify)

Plaintiffs have failed to properly provide timely notice, within a reasonable period of time after discovery of Plaintiffs' claims and alleged defects.  Consequently, Ford has been damaged and prejudiced, barring the Complaint, and each cause of action therein, as a matter of law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Breach)

Defendant performed all duties owed under the warranty other than any duties that were prevented or excused.  Accordingly, there has been no breach of warranty.

7

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Frauds)

To the extent Plaintiffs are suing for breach of an oral representation or contract, such an oral representation or contract would be unenforceable pursuant to Civil Code section 1624(a)(1-7).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Defendant maintained a qualified third party dispute resolution process at the time the subject vehicle was purchased that substantially complied with Section 1793.2 of the California Civil Code.  Defendant is informed and believes and thereon alleges Plaintiffs received timely and appropriate notification, in writing, of the availability of the third party resolution process. Accordingly, since Plaintiffs did not avail themselves of the third party dispute resolution process prior to filing this litigation, Section 1794(e)(2) of the California Civil Code may bar Plaintiffs from recovering damages for (i) attorney fees, (ii) costs, and (iii) treble damages (as provided under California Civil Code Section 1794(e)), and Plaintiffs may not avail themselves of the rebuttable presumption pursuant to California Civil Code Section 1793.2(e)(1).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration Clause in Purchase Agreement)

The purchase or lease agreement for the subject vehicle, signed by Plaintiffs, includes an agreement to arbitrate.  Plaintiffs have thus agreed to resolve this dispute by neutral, binding arbitration and not by court action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

The Complaint and each and every cause of action therein, in whole or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 et seq.

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1
2
3
4
5
6
7
8
9
10
11

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Constitutionality of Punitive Damages)

Plaintiffs' claims are in contravention of Ford's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions: (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate Ford's right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Punitive Damages Improperly Pled/Not Recoverable)

Plaintiffs have not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiffs' Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was not adopted, ratified or authorized by Ford under California Civil Code section 3294(b).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Punitive Damages Impermissible For Extra-Territorial Conduct)

Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

/ / /

/ / /

9

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

## FORTIETH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

An award of punitive or exemplary damages to Plaintiffs would violate Ford's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Clear and Convincing Standard for Punitive Damages)

Ford alleges that any predicate liability finding for the imposition of punitive damages or a finding of the amount of any punitive damage award based upon a burden of proof of less than clear and convincing evidence violates due process and is unconstitutional.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages – Financial Status of Defendant)

To the extent that California law permits punishment to be measured by the net worth or financial status of Ford and allows the fact finder to impose greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to

10

1  the United States Constitution, the Commerce Clause of the United States Constitution, and the

2  California Constitution.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(Set Off)

5       Ford alleges that if it is established that Ford is in any manner legally responsible for any

6  of the damages claimed by Plaintiffs, which is denied, Ford is entitled to a set off of those

7  damages, if any, which resulted from the wrongful acts of Plaintiffs and/or others.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(Fees and Costs)

10       Ford is informed and believes, and on that basis alleges, that the Complaint was brought

11  without reasonable cause and without a good faith belief that there was a justifiable controversy

12  under the facts or the law which warranted the filing of the Complaint against Ford.  Plaintiffs

13  should therefore be responsible for all of Ford's necessary and reasonable attorney fees and

14  defense costs as permitted by California law.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(Additional Defenses)

17       Ford alleges that it may have additional affirmative defenses available to it of which it is

18  not now fully aware.  Ford reserves the right to assert affirmative defenses after the same shall

19  have been ascertained.

### PRAYER

22       WHEREFORE, Ford prays as follows:

23      1.     For dismissal of Plaintiffs' Complaint with prejudice;

24      2.     For judgment in favor of Ford against Plaintiffs;

25      3.     For Ford's fees and costs of suit herein; and

26      4.     For such other and further relief as the Court may deem just and proper.

28  / / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT . . .

## DEMAND FOR JURY TRIAL

Ford hereby demands a jury trial on all claims asserted by Plaintiffs.

Dated: April 1, 2019                    SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
    CHARLES F. HARLOW
    Attorneys for Defendant
    FORD MOTOR COMPANY

12

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT . . .

1

## **PROOF OF SERVICE**

2

3

    I declare under penalty of perjury under the laws of the State of California that the following is true and correct:  I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made.  I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 650 California Street, 19th Floor, San Francisco, California 94108-2736.

4

5

6

    I caused to be served the following document and by the following means:

7

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**

8

☒   **By U.S. Mail:**  I enclosed a true and correct copy of said document in an envelope with postage fully pre-paid and placed it for collection and mailing with the United States Post Office on the date set forth below, following the ordinary business practice, addressed as follows:

9

10

11

        Tionna Dolin, Esq.
        Strategic Legal Practices, APC
        1840 Century Park East, Suite 430
        Los Angeles, CA  90067
        T:  310-929-4900
        F:  310-943-3838

12

13

14

        *Counsel for Plaintiffs*
        *Carol A. Richens and Gary T. Richens*

15

16

17

    I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

18

19

    Executed on April 1, 2019, at San Francisco, California.

20

21

    By:_____

22

           Steven G. Davenport

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA  94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  STEPHEN H. DYE (SBN 104385)
     e-mail: sdye@schnader.com
2  CHARLES F. HARLOW (SBN 200702)
     e-mail: charlow@schnader.com
3  SCHNADER HARRISON SEGAL & LEWIS LLP
   650 California Street, 19th Floor
4  San Francisco, California 94108-2736
   Telephone: (415) 364-6700
5  Facsimile: (415) 364-6785

6  Attorneys for Defendant
   MCCOY & MILLS dba MCCOY MILLS FORD and
7  incorrectly named in the Complaint as McCoy Mills Ford

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF LOS ANGELES

11

12  CAROL A. RICHENS and GARY T.          Case No. **19STCV06716**
    RICHENS,
13                                        **DEFENDANT MCCOY & MILLS DBA**
                      Plaintiffs,         **MCCOY MILLS FORD'S ANSWER TO**
14                                        **PLAINTIFFS' UNVERIFIED**
          vs.                             **COMPLAINT FOR VIOLATION OF**
15                                        **STATUTORY OBLIGATIONS**
    FORD MOTOR COMPANY; MCCOY
16  MILLS FORD; and DOES 1 through 10,    **DEMAND FOR JURY TRIAL**
    inclusive,
17                                        Action Filed: February 27, 2019
                      Defendants.         Trial Date:   None assigned
18

19

20        Defendant MCCOY & MILLS dba MCCOY MILLS FORD, and incorrectly named in

21  the complaint as McCoy Mills Ford ("McCoy Mills" or "Defendant"), for itself alone and for no

22  other party, hereby answers the unverified Complaint of Plaintiffs CAROL A. RICHENS and

23  GARY T. RICHENS ("Plaintiffs") as follows:

24                         **GENERAL DENIAL**

25        Under the provisions of §431.30(d) of the California Code of Civil Procedure, McCoy

26  Mills denies each and every allegation, both specifically and generally, of each cause of action

27  contained in Plaintiffs' Complaint on file herein and the whole thereof, and denies that Plaintiffs

28  were damaged in any sum or sums, or at all.

*(left margin, vertical text)* SCHNADER HARRISON SEGAL & LEWIS LLP / 650 CALIFORNIA STREET, 19TH FLOOR / SAN FRANCISCO, CA 94108-2736 / TELEPHONE: (415) 364-6700 / FAX: (415) 364-6785

1

## AFFIRMATIVE DEFENSES

McCoy Mills alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts)

Plaintiffs' Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against McCoy Mills.

## SECOND AFFIRMATIVE DEFENSE

(No Breach of Warranty)

There was no breach of warranty to the extent that Plaintiffs' concerns were resolved under the warranty or occurred after the expiration of the original express warranty.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs are estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of Plaintiffs' acts, failures to act, conduct, representations, admission, and the like.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiffs have waived Plaintiffs' rights to the claims, causes of action and relief sought in this Complaint against McCoy Mills, by virtue of Plaintiffs' acts, failures to act, conduct, representations, admissions, and the like.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of McCoy Mills.  Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

MCCOY MILLS FORD'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES

## SIXTH AFFIRMATIVE DEFENSE

(Economic Loss Rule)

Plaintiffs' causes of action have not accrued because Plaintiffs cannot establish that Plaintiffs suffered injury directly from the subject vehicle or products and, therefore, Plaintiffs' contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## SEVENTH AFFIRMATIVE DEFENSE

(Performance)

Prior to the commencement of this action, McCoy Mills fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiffs arising out of any and all agreements, representations or contracts made by it or on its behalf and this action is therefore barred by the provisions of Civil Code section 1473.

## EIGHTH AFFIRMATIVE DEFENSE

(Abuse, Misuse, Alteration and Improper Care)

Plaintiffs and/or others misused, abused, altered and improperly cared for and maintained the subject vehicle contrary to McCoy Mills' approval or consent and Plaintiffs' damages, if any, were proximately caused by such misuse, alteration, abuse and neglect of the product.

## NINTH AFFIRMATIVE DEFENSE

(No Defect in Materials or Workmanship)

The damages asserted in Plaintiffs' Complaint were not the result of any defect in material or workmanship in any vehicle manufactured by Ford.  Specifically, McCoy Mills alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

/ / /

/ / /

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

3

1 **TENTH AFFIRMATIVE DEFENSE**

2 (No Timely Revocation of Acceptance)

3      Plaintiffs have no restitution remedy under breach of implied warranty because there

4 was no timely revocation of acceptance before a substantial change in the condition of the

5 goods.

6 **ELEVENTH AFFIRMATIVE DEFENSE**

7 (Failure to Maintain Vehicle)

8      McCoy Mills alleges that Plaintiffs are precluded from recovery due to failure to

9 maintain and service the subject vehicle in conformance with the requirements and

10 recommendations of the owner's manual and/or warranty booklet.

11 **TWELFTH AFFIRMATIVE DEFENSE**

12 (Disclaimer of Incidental and Consequential Damages and Limitation of Damages)

13      The limited warranty for the subject vehicle at issue limits the damages that may be

14 obtained by Plaintiffs for any alleged breach of warranty such that some, if not all, of the

15 damages sought, including those for incidental or consequential damages, are not recoverable.

16 **THIRTEENTH AFFIRMATIVE DEFENSE**

17 (Vehicle Fit for Intended Purpose)

18      The subject vehicle was fit for providing transportation at all relevant times hereto.

19 Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of

20 merchantability. *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291

21 (1995).

22 **FOURTEENTH AFFIRMATIVE DEFENSE**

23 (Duration of Implied Warranty)

24      The alleged nonconformities did not arise until after the implied warranty expired.

25 Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of

26 merchantability.  California Civil Code §1791.1(c).

27

28 / / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Abide by Terms of Warranty)

Claims by Plaintiffs of breach of warranty are barred because of Plaintiffs' failure to give timely and appropriate notice of any claim of breach of warranty.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Impairment of Use, Value or Safety)

The subject vehicle has not been subject to repair for any nonconformity or condition that substantially impaired the use, value or safety of the vehicle.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Unreasonable Use of Vehicle)

Plaintiffs' claims may be barred by waiver due to Plaintiffs' unreasonable use of the vehicle after the nonconformity or nonconformities allegedly could not be repaired.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Use Dispute Resolution Process)

Plaintiffs and/or the owner(s) of the subject vehicle received timely notice of the availability of a third party dispute resolution process, and that no effort was made to use such process.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Provide Reasonable Opportunity to Cure)

Plaintiffs failed to provide Ford with a reasonable opportunity to cure any alleged defect as required by 15 U.S.C. §2310(e) and Civil Code §1790, *et seq.*

**TWENTIETH AFFIRMATIVE DEFENSE**

(No Prejudgment Interest)

Plaintiffs' Complaint fails to state facts sufficient to constitute a basis for recovery of prejudgment interest.

/ / /

/ / /

MCCOY MILLS FORD'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2  (Business Use)

3  The subject vehicle was not purchased or used primarily for personal, family, or

4  household purposes, and that the business use was by a person, including a partnership, limited

5  liability company, corporation, association, or any other legal entity, to which more than five

6  motor vehicles were registered in this state.

7  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8  (Failure to Mitigate)

9  Plaintiffs failed and neglected to use reasonable care to protect themselves and to

10  minimize their losses and damages, if any.

11  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

12  (No Agency Relationship)

13  McCoy Mills denies any allegations of agency contained in Plaintiffs' Complaint.

14  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15  (Assumption of Risk)

16  Plaintiffs knew about matters giving rise to the Complaint and assumed the risk created

17  thereby.

18  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

19  (Good Faith Conduct)

20  McCoy Mills has acted in good faith and reasonably with respect to the matters alleged

21  in Plaintiffs' Complaint, including any evaluation of Plaintiffs' repurchase request.

22  Consequently, Plaintiffs have no claim for civil penalty for any alleged willful violation.

23  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24  (Doctrine of Consent)

25  Plaintiffs are barred from recovering the relief sought by reason of the doctrine of

26  consent.

27

28  ///

6

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Fax: (415) 364-6785

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' Complaint and each cause of action contained therein does not state facts sufficient to constitute a cause of action in that the Complaint and each cause of action is barred by the applicable statute of limitations, including, but not limited to, those stated in Part II, Title 2, Chapter 3 of the California Code of Civil Procedure, §§335 through 346.4, California Civil Code, §§1783, 1791.1, 1793.2, and 1793.22, California Commercial Code, §2725, and Business and Professions Code, §17208.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Warranty Exclusions)

Plaintiffs' action for breach of warranty is barred by the terms, conditions, disclaimers and exclusions of the warranty, if any; moreover, Plaintiffs have failed to comply with all obligations under the warranty, if any, to include, but not limited to, timely notice, proper maintenance and appropriate use.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Civil Penalty Barred)

Any prayer made by Plaintiffs for a civil penalty pursuant to Civil Code §1794(e) is barred because McCoy Mills maintains a qualified third party dispute resolution process, which substantially complies with subdivision (d) of §1793.22 of the Civil Code.  Further, Plaintiffs failed to serve the notice required for recovery of a civil penalty under this provision.

## THIRTIETH AFFIRMATIVE DEFENSE

(Spoliation of Evidence)

This action is barred or limited because of the altering, spoiling, damaging, destruction, or losing of evidence by Plaintiffs, which thereby has reduced the likelihood that this action will result in a reliable adjudication of facts, and impairs McCoy Mills' right to a fair opportunity to adjudicate its alleged liability.

///

7

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Properly Notify)

Plaintiffs have failed to properly provide timely notice, within a reasonable period of time after discovery of his claims and alleged defects.  Consequently, McCoy Mills has been damaged and prejudiced, barring the Complaint, and each cause of action therein, as a matter of law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Breach)

Defendant performed all duties owed under the warranty other than any duties that were prevented or excused.  Accordingly, there has been no breach of warranty.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Statute of Frauds)

To the extent Plaintiffs are suing for breach of an oral representation or contract, such an oral representation or contract would be unenforceable pursuant to Civil Code section 1624(a)(1-7).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Qualified Third Party Dispute Resolution Process)

Defendant maintained a qualified third party dispute resolution process at the time the subject vehicle was purchased that substantially complied with Section 1793.2 of the California Civil Code.  Defendant is informed and believes and thereon alleges Plaintiffs received timely and appropriate notification, in writing, of the availability of the third party resolution process.  Accordingly, since Plaintiffs did not avail themselves of the third party dispute resolution process prior to filing this litigation, Section 1794(e)(2) of the California Civil Code may bar Plaintiffs from recovering damages for (i) attorney fees, (ii) costs, and (iii) treble damages (as provided under California Civil Code Section 1794(e)), and Plaintiffs may not avail themselves of the rebuttable presumption pursuant to California Civil Code Section 1793.2(e)(1).

///

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration Clause in Purchase Agreement)

The purchase or lease agreement for the subject vehicle, signed by Plaintiffs, includes an agreement to arbitrate. Plaintiffs have thus agreed to resolve this dispute by neutral, binding arbitration and not by court action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

The Complaint and each and every cause of action therein, in whole or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 et seq.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Constitutionality of Punitive Damages)

Plaintiffs' claims are in contravention of McCoy Mills' rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate McCoy Mills' right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Improperly Pled/Not Recoverable)

Plaintiffs have not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiffs' Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was not adopted, ratified or authorized by Ford under California Civil Code section 3294(b).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Punitive Damages Impermissible For Extra-Territorial Conduct)

Any award of punitive damages based on anything other than McCoy Mills' conduct in connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect McCoy Mills against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

## FORTIETH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

An award of punitive or exemplary damages to Plaintiffs would violate McCoy Mills' constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Clear and Convincing Standard for Punitive Damages)

McCoy Mills alleges that any predicate liability finding for the imposition of punitive damages or a finding of the amount of any punitive damage award based upon a burden of proof of less than clear and convincing evidence violates due process and is unconstitutional.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

MCCOY MILLS FORD'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Punitive Damages – Financial Status of Defendant)

To the extent that California law permits punishment to be measured by the net worth or financial status of McCoy Mills and allows the fact finder to impose greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the California Constitution.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Set Off)

McCoy Mills alleges that if it is established that McCoy Mills is in any manner legally responsible for any of the damages claimed by Plaintiffs, which is denied, McCoy Mills is entitled to a set off of those damages, if any, which resulted from the wrongful acts of Plaintiffs and/or others.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Fees and Costs)

McCoy Mills is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against McCoy Mills.  Plaintiffs should therefore be responsible for all of McCoy Mills' necessary and reasonable attorney fees and defense costs as permitted by California law.

/ / /

/ / /

/ / /

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Additional Defenses)

McCoy Mills alleges that it may have additional affirmative defenses available to it of which it is not now fully aware.  McCoy Mills reserves the right to assert affirmative defenses after the same shall have been ascertained.

**PRAYER**

WHEREFORE, Ford prays as follows:

1.      For dismissal of Plaintiffs' Complaint with prejudice;

2.      For judgment in favor of McCoy Mills against Plaintiffs;

3.      For McCoy Mills' fees and costs of suit herein; and

4.      For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

McCoy Mills hereby demands a jury trial on all claims asserted by Plaintiffs.

Dated: April 1, 2019                            SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
                                                        CHARLES F. HARLOW
                                                        Attorneys for Defendant
                                                        MCCOY & MILLS dba MCCOY MILLS
                                                        FORD and incorrectly named in the complaint
                                                        as McCoy Mills Ford

MCCOY MILLS FORD'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

I declare under penalty of perjury under the laws of the State of California that the following is true and correct:  I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made.  I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled cause. My business address is SCHNADER HARRISON SEGAL & LEWIS LLP, 650 California Street, 19th Floor, San Francisco, California 94108-2736.

I caused to be served the following document and by the following means:

**DEFENDANT MCCOY & MILLS DBA MCCOY MILLS FORD'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**

☒      **By U.S. Mail:**  I enclosed a true and correct copy of said document in an envelope with postage fully pre-paid and placed it for collection and mailing with the United States Post Office on the date set forth below, following the ordinary business practice, addressed as follows:

> Tionna Dolin, Esq.
> Strategic Legal Practices, APC
> 1840 Century Park East, Suite 430
> Los Angeles, CA  90067
> T:  310-929-4900
> F:  310-943-3838
>
> *Counsel for Plaintiffs*
> *Carol A. Richens and Gary T. Richens*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on April 1, 2019, at San Francisco, California.

By: _____
          Steven G. Davenport

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA  94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PROOF OF SERVICE