UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 19-2490 PSG (SSx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | Carol Richens, et al. v. Ford Motor Company, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiffs' motion to remand

Before the Court is Plaintiffs Carol Richens and Gary Richens's ("Plaintiffs") motion to remand. *See* Dkt. # 11 ("*Mot.*"). Defendant Ford Motor Company ("Ford") has opposed this motion. *See* Dkt. # 12 ("*Opp.*"). Plaintiffs filed a reply. *See* Dkt. # 14 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion and **REMANDS** the case to state court.

I.    Background

    A.    Factual Background

In January 2008, Plaintiffs purchased a 2008 Ford F350 Super Duty vehicle ("Vehicle") (manufactured by Defendant Ford) from Defendant McCoy Mills Ford ("McCoy Mills"), a California dealership. *See Complaint*, Dkt. # 1-1 ("*Compl.*") ¶¶ 2, 4, 5, 7. The Vehicle was sold with an express written warranty "in which Defendant Ford undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." *Id.* ¶ 8. In the event of a defect, the express warranty permitted Plaintiffs to deliver the Vehicle for repair to Defendant Ford's representatives, including Defendant McCoy Mills. *Id.* Further, the Vehicle was sold with a limited warranty, which covered the engine of the Vehicle from defects in factory-supplied materials for five years after the warranty start date or for 100,000 miles, whichever occurred first. *Id.*

Plaintiffs allege that the Vehicle developed several defects within the warranty period, generally relating to the Vehicle's engine, and that Defendants failed to repair or promptly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2490 PSG (SSx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | Carol Richens, et al. v. Ford Motor Company, et al. | | |

replace the Vehicle to conform with the express written warranties after being given a reasonable opportunity to do so. *Id.* ¶ 9. Further, Plaintiffs contend that Defendant Ford knew of the incurable engine defects and still failed to promptly replace the Vehicle or make restitution as California law requires. *Id.* ¶¶ 11, 13.

B. Procedural History

On February 27, 2019, Plaintiffs filed this case against Defendants in Los Angeles Superior Court. *See Compl.* The complaint brings several causes of action against Defendant Ford but only a single cause of action for breach of implied warranty against Defendant McCoy Mills. *See id.* Defendants removed the case on April 2, 2019, invoking federal jurisdiction on the basis of diversity of citizenship. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 10–42. Plaintiffs now move to remand for lack of subject matter jurisdiction, arguing that the requirements for diversity jurisdiction are not met.[1]

II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

---

[1] Ford briefly argues that Plaintiffs failed to comply with the requirements of Local Rule 7-3 before bringing their motion. *See Opp.* 4:3–5:2. However, even assuming *arguendo* that this is correct, the Court has its own obligation to ensure that it has subject matter jurisdiction over the case, and therefore it cannot simply ignore Plaintiffs' contention that jurisdiction is lacking.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2490 PSG (SSx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | Carol Richens, et al. v. Ford Motor Company, et al. | | |

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). When a plaintiff files a case in state court over which the federal courts could have had original jurisdiction, the defendants can generally remove the case to federal court. *See* 28 U.S.C. § 1441(a). However, when federal jurisdiction is based on diversity, a case cannot be removed if any of the defendants "is a citizen of the State in which such action is brought." *Id.* § 1141(b).

III. <u>Discussion</u>

A. <u>Fraudulent Joinder</u>

The citizenship of the parties is not in dispute. Plaintiffs are citizens of California, Defendant Ford is a citizen of Delaware and Michigan, and Defendant McCoy Mills is a citizen of California. *See NOR* ¶¶ 18–19. Because Plaintiffs and Defendant McCoy Mills are all citizens of California, it would appear that complete diversity does not exist. However, Defendant Ford argues that Defendant McCoy Mills' California citizenship should be ignored because it was fraudulently joined to defeat federal jurisdiction. *NOR* ¶ 21.

Plaintiffs advance three arguments in support of their motion for remand: (1) Ford failed to carry its heavy burden of demonstrating that Defendant McCoy Mills was fraudulently joined; (2) Ford failed to prove that the amount in controversy exceeds $75,000; and (3) Ford did not sufficiently plead Plaintiffs' citizenship. *See Mot.* 1:15–2:12. The Court will address only the fraudulent joinder issue because it finds it dispositive.

    *i. Legal Standard*

When a defendant has been fraudulently joined, the Court "may ignore the presence of that defendant for the purpose of establishing" jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* The question is not whether the plaintiff will prevail, but rather whether there is any "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants." *Id.* at 1046 (emphasis added). Thus, "[a] defendant . . . bears [a] 'heavy burden' of establishing fraudulent joinder." *Lew v. Medtronic, Inc.*, No. CV 14-8303 JLS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2490 PSG (SSx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | Carol Richens, et al. v. Ford Motor Company, et al. | | |

(VBKx), 2014 WL 7185299, at *1, 10 (C.D. Cal. Dec. 16, 2014) (quoting *Hunter*, 582 F.3d at 1046).

      *ii.    Discussion*

Defendant Ford argues that the non-diverse defendant dealership, McCoy Mills, was fraudulently joined because the statute of limitations for breach of implied warranty—the only claim brought against McCoy Mills—has long since run. *See Opp.* 5:3–13:10. Ford has raised this same argument in several factually indistinguishable cases, but courts have consistently rejected it, concluding that the potential application of various California tolling doctrines rendered it at least possible that the plaintiff could state a breach of implied warranty claim against the non-diverse dealership. *See, e.g.*, *Less v. Ford Motor Co.*, No. 18cv1992-MMA (AGS) 2018 WL 4444509, at *1, 3 (S.D. Cal. Sept. 18, 2018); *Audo v. Ford Motor Co.*, No. 3:18-cv-00320-L-KSC, 2018 WL 3323244, at *1, 2 (S.D. Cal. July 6, 2018); *Chipley v. Ford Motor Co.*, No. 18-cv-01161-YGR, 2018 WL 1965029, at *1, 3 (N.D. Cal. Apr. 26, 2018); *Cardenas v. Ford Motor Co.*, No. CV 18-1090 DSF (PLAx), 2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018). The Court reaches the same conclusion here.

A statute of limitations defense can provide a sufficient basis for finding fraudulent joinder. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that the resident defendants were fraudulently joined because the statute of limitations barred the claims brought against them). But the defendant must be able to show that there is no possibility that the plaintiff's claim was timely.

Under California law, the implied warranty of merchantability lasts for one year after delivery of the vehicle, and the statute of limitations runs for four years from when the warranty was breached. *Less*, 2018 WL 4444509, at *3. As Plaintiffs purchased the Vehicle in 2008 but did not bring this case until 2019, *see Compl.* ¶ 7, simple arithmetic would suggest that the statute of limitations has run. But the limitations period is subject to several tolling doctrines under California law, including the delayed discovery rule, repair doctrine, and fraudulent concealment. Courts have consistently held in cases factually indistinguishable from this one—many involving Ford itself—that these doctrines could potentially toll the statute of limitations for breach of implied warranty. *See Less*, 2018 WL 4444509, at *3; *Audo*, 2018 WL 3323244, at *2; *Chipley*, 2018 WL 1965029, at *3; *Cardenas*, 2018 WL 2041616, at *1. Ford has essentially ignored these adverse decisions in its brief, and the arguments it *has* made have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2490 PSG (SSx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | Carol Richens, et al. v. Ford Motor Company, et al. | | |

not convinced the Court to go against the overwhelming weight of authority.[1]  Because it is possible that Plaintiffs will be able to establish that the statute of limitations for their claim against McCoy Mills should be tolled, Ford had not carried its heavy burden of establishing that McCoy Mills was fraudulently joined.  Accordingly, the Court cannot ignore McCoy Mills' citizenship, and therefore there is an absence of complete diversity between the parties.

      B.      <u>Discretionary Severance</u>

Federal Rule of Civil Procedure 21 permits the Court "at any time, on just terms, [to] add or drop a party."  Defendant Ford argues that because Defendant McCoy Mills is a dispensable party, the Court should exercise its discretionary authority to sever McCoy Mills and allow the claims against Defendant Ford to proceed in federal court.  In response, Plaintiffs argue that Defendant McCoy Mills is indispensable to this litigation because Plaintiffs' claim for relief against the dealership arises out of the same transactions as their claims against Ford.  Specifically, the claims involve the same vehicle, same defects, and same unsuccessful attempts at repair, so ultimately resolution of the claims turns on the same legal and factual questions. *See Mot.* 7:24–8:1.

However, even assuming for the sake of argument that McCoy Mills is a dispensable party, Plaintiffs are the masters of their complaint and chose to sue Defendants Ford and McCoy Mills together.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue.").  The Court sees no reason to override Plaintiffs' choice.  Defendant Ford's request for severance is therefore **DENIED**.

---

[1] To the extent Ford argues that facts necessary to justify tolling are not alleged in the complaint, *see Opp.* 8:27–9:7; 9:20–10:2; 12:11–15, it is Ford's burden to "show that the plaintiff[s] would not be afforded leave to amend [their] complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*, 697 F.Supp. 2d 1156, 1159 (C.D. Cal. 2009).  Ford has not grappled with the myriad decisions cited by Plaintiff where courts found that tolling was a theoretical possibility, and the Court sees no reason why tolling would not also be possible in identical circumstances here.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2490 PSG (SSx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | Carol Richens, et al. v. Ford Motor Company, et al. | | |

III.   Conclusion

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. Accordingly, Plaintiffs' motion to remand is **GRANTED** and the case is **REMANDED** to Los Angeles Superior Court, No. 19STCV06716.

**IT IS SO ORDERED**.